DOYLE et al. v. BEAUPRE et al.

(Supreme Court, General Term, Fifth Department. January 22, 1892.)

1. STATUTE OF FRAUDS—PLEADING.
    The statute of frauds is not available as a defense, unless it is pleaded.

**2. SAME—WAIVER.**

One who receives and examines goods, and rejects them because they do not conform to the contract, waives the defense, under the statute of frauds, that the contract is not in writing.

**3. SALE—ACTION FOR PRICE—HARMLESS ERROR—EVIDENCE.**

Where the sole issue presented by the pleadings in an action for the price of goods which defendants had refused to accept is that the goods did not conform to the sample on which the sale was made, the admission of evidence of the manner in which the shipment was made is not prejudicial to defendants.

**4. SAME—IRRELEVANT EVIDENCE.**

In such case, evidence offered by defendants as to how much less the goods shipped were worth than those exhibited in the sample is not pertinent to the issue.

**5. SAME—PRICE OF SIMILAR GOODS.**

In such case, evidence of defendant as to what he paid for other goods of a similar kind, about the time of the rejection of plaintiffs' shipment, is immaterial.

**6. SAME—FORMER TRANSACTIONS.**

In such case, it is within the discretion of the court to permit questions to be put to defendant on his cross-examination concerning similar difficulties in which his firm has become involved by his rejection of purchases as not up to sample.

Appeal from circuit court, Monroe county.

Action on contract by Michael Doyle and others against Bruno Beaupre and others. From a judgment entered upon a verdict for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*A. Benedict*, for appellants. *Theo. Bacon*, for respondents.

DWIGHT, P. J. The action was to recover the balance of the contract price of a large quantity of "evaporated" apples, sold and shipped by the plaintiffs at Rochester, N. Y., to the defendants, at St. Paul, Minn. The goods were sold by sample, to be delivered free on board cars at Rochester, but with the privilege to the defendants of examining the goods before paying draft. The goods were shipped accordingly, and were received by the defendants at St. Paul, and a draft of $3,000, drawn by the plaintiffs while the goods were in transit, was paid by the defendants before their arrival. Upon examination, the defendants notified the plaintiffs that the goods were not according to the contract,—did not conform to the sample,—and that they declined to accept them. They also asked for directions as to the disposition to be made of the goods, and, later, demanded a return of the $3,000 paid. The plaintiffs did not comply with either of these requests, but insisted upon the sale; and, pending the correspondence, the goods were destroyed by fire in the defendants' warehouse at St. Paul. Thereupon the plaintiffs brought this action, alleging the sale and delivery of the apples, and part payment therefor, and demanding judgment for the balance of the purchase price.

The answer admitted the contract of sale; the conditional delivery and the conditional payment of the $3,000; and alleged, as the sole defense to the action, the failure of the plaintiffs to perform the contract in respect to the quality of the goods. The answer also set up a counter-claim for the $3,000. The action was tried and submitted to the jury on the sole issue presented by the pleadings, viz., of the conformity of the goods delivered to the contract of sale as fixed by the sample on which the sale was made. The evidence was conflicting, being mainly that of the plaintiffs and their employes on the one hand, and of the defendants and their employes on the other hand. It was finally submitted to the jury, who rendered a verdict for the plaintiffs, and the case is manifestly one in which the court should not interfere with that determination of the question of fact. At the close of the plaintiffs' case the defendants moved for a nonsuit, on the ground that the contract was void under the statute of frauds for want of a sufficient memorandum in writing, signed by the party to be charged; there being no part payment and no receipt of the goods. The denial of this motion gives occasion for the principal contention of the appellants on this appeal, and the argument in support of

that contention was undoubtedly able and instructive, but the contention in this action is clearly excluded by the pleadings; for, even if it should be said that the plaintiffs cannot avail themselves of the admission of the contract contained in the answer, without at the same time admitting the defense which is coupled with such admission, yet it seems to be settled that the defendants cannot avail themselves of the defense of the statute of frauds without alleging the facts upon which it is based. The complaint in this action alleges a contract,—a sale and delivery of the goods,—and the defense that such contract, or a memorandum of it, was not in writing, signed by the party to be charged thereby, could not be made available unless set up by the answer. *Hamer* v. *Sidway,* 124 N. Y. 538, 548, 27 N. E. Rep. 256; *Porter* v. *Wormser,* 94 N. Y. 431, 450.

Besides, this defense, if it existed at all, was clearly waived by the defendants when they received the goods at their destination, for the purpose of examination, opened and examined them, and rejected them solely on the ground that they did not conform to the contract. It was too late, then, for the defendants to object that there was no contract. These obvious considerations render it unnecessary to examine the interesting argument in support of the contention that the broker by profession, who made this sale, was not a broker for the purposes of this action, and that the memorandum of the sale signed by him was not a memorandum of the contract, within the requirements of the statute of frauds. We find only one issue in this case, which has been determined by the jury upon evidence sufficient to sustain the verdict, and we find no error in the trial of that issue or its submission to the jury.

The shipping directions made out at the office of the plaintiffs, and delivered to their shipping clerk, was, in effect, an abstract of the order received from the defendants, and transmitted to the person in charge of shipments for his guidance. It was a part of the process of shipping the goods, and, although not evidence of the conformity of the shipment to the contract, either as to quantity or quality, was evidence of the manner in which the shipment was made. It was not evidence of great importance, but it is difficult to see how it could have been prejudicial to the defendants, and it is certainly not so clear that it was so as that its admission should be held to vitiate the verdict.

Evidence offered by the defendants to prove how much less the apples shipped were worth than those exhibited in the sample was properly excluded. The defendants did not seek to recoup damages for breach of warranty, and the measure of such damages was not pertinent to the issues actually tried.

The offer to show by one of the defendants that he bought and what he paid for other goods of similar kind, at about the time of the rejection of the plaintiffs' shipment, was properly excluded. There had been, undoubtedly, a suggestion that the rejection of the plaintiffs' goods was due to some fall in the market for such goods, but the witness (defendant) had been permitted to testify that there was no such decline in price; that he was buying and selling all the time, and had not observed any such decline. The details of any particular transaction, and the price paid by him for the goods bought, was immaterial.

There was no merit in the defendants' objection to a portion of a letter from the plaintiffs to the defendants, all of which related to the subject-matter of the action, which was directly in answer to a letter of the defendants to the plaintiffs which the defendants had already put in evidence, and to which another letter of the defendants (also in evidence) was an answer.

The questions put to the defendant, above mentioned, on his cross-examination, in respect to similar difficulties in which his firm had become involved by his rejection of purchases as not up to sample, were, we think, within the reasonable discretion of the court to permit. It is impossible to fix a rigid rule by which to limit the cross-examination of interested witnesses. Much

must be left to the discretion of the court, dependent upon the attitude and apparent disposition of the witness. There is no such excess of that discretion in this instance as would warrant the reversal of the judgment, and no other exceptions seem to us to require discussion. The judgment and order should be affirmed. All concur.